NO. 07-02-0457-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 12, 2003

_____

JAY N. GIANNUKOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 02-03-02101-CR; HONORABLE JAMES H. KEESHAN, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Pursuant to pleas of guilty, appellant Jay N. Giannukos was convicted in one judgment on separate counts of unlawful possession of a firearm by a felon and possession of a controlled substance. By his notice of appeal, he challenges both convictions. The clerk's record was filed on January 6, 2003, and the reporter's record

was due on February 5, 2003, but has yet to be filed. Also, no request for an extension of time was filed. By letter dated April 22, 2003, this Court notified Jill Driscoll, Court Reporter of the 258th District Court, of the defect and requested that in the event the record could not be immediately filed, she complete and file a request form provided by this Court no later than ten days from the date of the letter. Driscoll did not respond and the reporter's record remains outstanding. Thus, we now abate the appeal and remand the cause to the trial court for further proceedings. *See* Tex. R. App. P. 37.3(a)(2).

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute this appeal;
2. whether appellant is indigent; and
3. why appellant has been deprived of a reporter's record.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant does want to continue this appeal and is indigent, then the trial court shall take such measures as may be necessary to assure appellant a reporter's record. The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental records with the Clerk of this Court by Friday, June 27, 2003.

2

It is so ordered.

Per Curiam

Do not publish.